## N. G. WEATHERSBY v. THE STATE.

No. 9101.  Delivered May 20, 1925.

**1.—Theft of Auto—Argument of Counsel—Supported by Record—Held Proper.**

Where the district attorney in his argument to the jury, referred to the fact that appellant was charged with bigamy, and appellant's testimony showed that he admitted that he was under such charge in another county no error is presented.

**2.—Same—Witness—Impeachment of.**

The rules of impeaching a witness are well settled in this state and ought to be adhered to in, the trial of cases.  The court in the instant case properly refused to permit counsel for appellant to ask a woman witness introduced by the state, if she had any means of support.

**3.—Same—Witness—Credibility of—Assailed Improperly.**

This court has never held that the credibility of a witness may be attacked by showing that he takes a drink whenever he can get hold of it. The trial court very properly refused to permit such question to be asked a state witness in this case, on cross-examination by appellant.

Appeal from the District Court of Taylor County.  Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for theft of an automobile; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Taylor County for the offense of theft of an antomobile, and his punishment was assessed at confinement in the penitentiary for two years.

100 Tex. Crim.—14.

Appellant has not favored us with a brief on any of the questions presented, but from a careful investigation of the record, we are convinced that he has enjoyed a fair and an impartial trial.

Some question is raised by bill of exception to the procedure both with reference to the empaneling of the jury and to the court's failure to require the State to elect between the count charging theft and the one charging, receiving and concealing stolen property. These matters are presented, are without merit.

Appellant complains by bills of exception numbered two and three of the argument of the District Attorney wherein he referred to the fact that appellant was charged with bigamy. Appellant's cross-examination showed that he admitted that he was, at the time of the trial, under a charge of bigamy in another county in this state, and, in view of this condition, of the record, no error is perceived in the action of the District Attorney in referring to this matter.

Complaint is also made at the action of the court in refusing to allow counsel for the appellant to ask the prosecuting witness, Annie Pruitt, if she had any means of support. The court's action in excluding this question and the answer thereto was correct. Appellant will not be permitted to impeach a witness in this manner. The rules with reference to the introduction of testimony for the purpose of impeaching a witness are well settled in this state and ought to be adhered to in the trial of cases.

Neither did the appellant have the right to ask the witness Lang the following question on cross-examination: "You take a drink when you can get hold of it?" Appellant claims that this testimony was admissible as tending to show whether or not the witness was intoxicated or under the influence of liquor at the time he had the alleged conversation or transaction with defendant to which he had testified, and that same was admissible for the purpose of affecting the witness' credibility. Neither contention can be sustained.

Complaint is made because the court permitted the State's counsel to ask appellant on cross-examination if he was not under bond to await the action of the grand jury in Lynn County. This bill fails to show what witness' answer was to said question, and under the explanation of the trial court, and in view of the fact that appellant had admitted on cross-examination that he was charged with bigamy in Lynn County, there was no error in this matter.

Having carefully considered the case, we are of the opinion that there is no error shown by the record, and that the case should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.